**JOHN L. BURRIS Esq., SBN 69888**
**BENJAMIN NISENBAUM, Esq., SBN 222173**
**JAMES COOK Esq., SBN 300212**
**BURRIS NISENBAUM CURRY & LACY, LLP**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (844) 273-6873
John.Burris@johnburrislaw.com
James.Cook@johnburrislaw.com

Attorneys for Plaintiff,
DOMINIQUE ELDRIDGE

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE ELDRIDGE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF TULARE, a municipal corporation; COUNTY OF TULARE, a municipal corporation; County of Tulare Deputy SEAN PROVOST, individually and in his official capacity; City of Tulare Officer E. WILSON, individually and in his official capacity; City of Tulare Officer P. MIRANDA, individually and in his official capacity; and DOES 1-50, inclusive, individually, jointly and severally, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Section § 52.1, and under the common law of California, for the City of

Tulare Police Department's use of force, and the County of Tulare's sheriff department's use of excessive force and deliberate indifference to Dominique Eldridge.

## JURISDICTION

2.     This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Redding, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

## PARTIES

3.     Plaintiff DOMINIQUE ELDRIDGE (Hereinafter "ELDRIDGE" or "PLAINTIFF") has been and is a resident of California and a United States Citizen.

4.     Defendant CITY OF TULARE (Hereinafter "CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF TULARE Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of Defendant CITY officers, individually and in their official capacity.

5.     Defendant COUNTY OF TULARE (Hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY OF TULARE Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendants COUNTY and CITY were the employers of the defendant deputies and officers, individually and in their official capacity.

6.     Defendant County of Tulare Sheriff's Deputy SEAN PROVOST (Hereinafter "PROVOST"), at all times mentioned herein, was employed by Defendant COUNTY as a

Sheriff's Deputy, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as a deputy for the COUNTY OF TULARE.

7.      Defendant City of Tulare Police Officer P. MIRANDA (Hereinafter "MIRANDA"), at all times mentioned herein, was employed by Defendant CITY as a police officer, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an officer for the CITY OF TULARE.

8.      Defendant City of Tulare Police Officer E. WILSON (Hereinafter "WILSON"), at all times mentioned herein, was employed by Defendant CITY as a police officer, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an officer for the CITY OF TULARE.

9.      Plaintiff is ignorant of the true names and capacities of Defendants DOES 1-50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

10.      Plaintiff is required to comply with an administrative tort claim requirement under California law. On August 07, 2024, Plaintiff submitted claims to the Board of Supervisors for the COUNTY OF TULARE, and to the CITY OF TULARE. Plaintiff has exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

11.      The incident took place on June 14, 2024. The time was approximately 12:30 P.M. The location was 520 North Delwood Street, Tulare, CA 93274. City of Tulare Police officers, and Tulare County sheriff's department deputies used excessive force to detain Dominique Eldridge. Further, County deputies failed to provide medical care to Eldridge.

12.     At approximately 12:05 P.M., the defendants arrived at Eldridge's home pursuant to a warrant for his arrest in an investigation led by Tulare County Deputy Sean Provost. Upon sight of the officers and deputies, Eldridge scaled his neighbor's fence and hid in a nearby shed. City of Tulare Police Officer E. Wilson led the search to find Eldridge. Wilson was in charge of the scene. The defendants discovered Mr. Eldridge within minutes. They ordered Eldridge to raise his hands and lie on the ground. He complied. Once found, Eldridge did not attempt to fight, resist, or flee in any way. However, City of Tulare Police Officer P. Miranda released a K-9 on Eldridge. The K-9 bit Eldridge in multiple places, including his head and arms. Mr. Eldridge screamed in pain, and cried out for the officers to get the dog off of him. However, the defendants ignored Mr. Eldridge's cries. Officers, including Defendants Provost, Wilson, and Miranda, permitted the police K-9 to maul Eldridge for approximately 20 seconds without reason. The K-9 handler then attempted to remove the K-9 from attacking Eldridge. However, the K-9 did not respond, and continued to attack Eldridge. The K-9 handler twice attempted to pull the dog away. An officer finally shoved a tool into the K-9's mouth to get it to release from Mr. Eldridge's arm. Miranda finally pulled the K-9 away from Eldridge.

13.     Deputies handcuffed Mr. Eldridge as he moaned in pain. Eldridge repeatedly requested medical care. However, the officers failed to provide care to him. Mr. Eldridge stated his knee was injured. Yet, the defendants insisted he needed to walk on his injured knee from the backyard up to the front driveway. Eldridge repeatedly gasped in pain and stopped to rest. Officers then turned Mr. Eldridge over the Deputy Provost. Deputy Provost failed to provide further medical care to Mr. Eldridge. Provost transported Mr. Eldridge to a County detention facility. While in the detention facility, County deputies continued to deny, or provide sub par medical care to Mr. Eldridge. The deputies knew that Eldridge suffered from a broken knee and multiple puncture wounds. However, Mr. Eldridge did not receive proper care for his broken knee or wounds. Eldridge's wounds became necrotic as a result of the denied medical care.

14.    As a result, suffered multiple puncture and pressure wounds, and an improperly mended broken knee. He also sustained pain, suffering, and emotional distress from the incident.

**FIRST CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**
**(42 U.S.C. § 1983)**
**(ELDRIDGE Against PROVOST, MIRANDA, WILSON, and DOES)**

15.    Plaintiff re-alleges and incorporates by reference all paragraphs herein.

16.    Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against them. ELDRIDGE did not interfere with the deputies. ELDRIDGE posed no threat to the deputies. Nor were the deputies in danger. After the officers partially dismantled the shed, ELDRIDGE was on the ground with his hands up. However, the K-9 officer ordered his dog to attack ELDRIDGE. While this went on, ELDRIDGE posed no threat to the officers as he was on his back being mauled by the dog screaming for the deputies to call the dog off. The K-9 deputy twice attempted to unsuccessfully pull the dog away from ELDRIDGE during the 30 second attack. The deputy finally shoved a stick tool into the K-9's mouth to get it to release from Mr. Eldridge's arm and pulled the dog away from him. Due to the Defendants' excessive use of force, ELDRIDGE suffered physical and emotional injuries.

17.    As a result, CITY and DOES 1-50 are liable for their use of excessive force.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Violation of the Fourteenth Amendment of the United States Constitution – Indifference to Medical Needs)**
**(42 U.S.C. § 1983)**
**(ELDRIDGE Against PROVOST, WILSON, MIRANDA, and DOES)**

Complaint
*Dominique Eldridge v. County of Tulare, et al.*
5

18.    Plaintiff re-alleges and incorporates by reference all paragraphs herein.

19.    Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from deliberate indifference. Plaintiff suffered from multiple injuries and puncture wounds. However, Defendant Provost and DOES 1-50 failed to provide medical care to the Plaintiff. Further, DOES 1-50 forced Plaintiff to go without proper medical treatment for an extended period while Plaintiff was in their custody. Defendant DOES 1-5 and Provost knew that Plaintiff suffered from multiple open wounds, which required regular cleaning and medical attention. However, while in COUNTY custody, Eldridge did not receive that medical care. Due to the COUNTY staffs deliberate indifference, Plaintiffs wounds became necrotic. This caused Plaintiff additional pain and suffering, and required further medical attention.

20.    As a result, the defendants are liable for their indifference to Plaintiff's medical needs.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of CALIFORNIA CIVIL CODE § 52.1)**
**(ELDRIDGE Against COUNTY, CITY, PROVOST, MIRANDA, WILSON and DOES)**

21.    Plaintiff re-alleges and incorporates by reference all paragraphs herein.

22.    Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1. PLAINTIFF did not interfere with the officers in any way. He was on the ground and unarmed. However, Defendant City police officers assaulted ELDRIDGE without cause or provocation.

23.     As a direct and proximate result of Defendants' violations of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h). Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a). Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Negligence)
### (ELDRIDGE Against COUNTY, CITY, PROVOST, MIRANDA, WILSON and DOES)

24.     Plaintiff re-alleges and incorporates by reference all paragraphs herein.

25.     The present action is brought pursuant to sections 820 and 815.2 of the California. Pursuant to Government Code section 820 of the California Government Code, as public employees, the defendants are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, the defendants were acting within the course and scope of their employment and/or agency with Defendants COUNTY and Defendant CITY. As such, Defendants COUNTY and CITY are liable in respondent superior for the injuries caused by the acts and omissions of their employees pursuant to section 815.2 of the California Government Code.

26.     Defendants had a duty to use reasonable force while interacting with ELDRIDGE. However, the defendants breached their duty by using unreasonable and excessive force on ELDRIDGE. PLAINTIFF was seriously injured as a proximate and direct cause of the Defendants' negligent conduct with the K-9.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (ELDRIDGE Against COUNTY, CITY, PROVOST, MIRANDA, WILSON and DOES)

27.    Plaintiff re-alleges and incorporates by reference all paragraphs herein.

28.    Defendants' above-described conduct was extreme, unreasonable and outrageous. ELDRIDGE did not pose a threat to the officers, others, or himself during the time of the K-9 attack. ELDRIDGE was on the ground on his back. However, without justification, Officer Miranda released the K-9 on ELDRIDGE and allowed the dog to continue attacking the subdued ELDRIDGE for 30 seconds. Defendant Miranda attempted to pull the dog away twice before shoving a metal tool into the dog's mouth to release it from ELDRIDGE's arm and pull it away. DEFENDANTS knew, or should have known, their actions would cause emotional distress to ELDRIDGE.

29.    In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that ELDRIDGE would suffer extreme emotional distress as a result of Defendants' conduct. As a result of City police officers' conduct, HURSEY suffered severe emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Assault/Battery)
### (DOMINIQUE ELDRIDGE Against COUNTY, CITY, PROVOST, MIRANDA, WILSON, and DOES)

30.    Plaintiff re-alleges and incorporates by reference all paragraphs herein.

31.    Defendants acted with intent to cause harmful or offensive contact or threatened to touch Plaintiff in a harmful or offensive manner. Without reasonable cause or provocation, the defendants breached that duty by releasing a K-9 onto ELDRIDGE and permitting the K-9 to continue attacking for an extended period of time. As a result, ELDRIDGE suffered a broken knee, a fractured nasal cavity, and a large wound in his left arm. ELDRIDGE sustained pain and suffering and emotional distress due to the unnecessary violence.

32.    The Plaintiff reasonably believed further unnecessary injury would result. Plaintiff did not consent to defendants' harmful contact.

33.   Defendants, acting within the course and scope of their duties, placed ELDRIDGE in immediate fear of death and severe bodily harm in releasing the K-9 for an extended period of time without any just provocation or cause.

34.   These Defendants' conduct was neither privileged nor justified under statute or common law.

35.   Under Government Code Section 815.2(a), Defendant COUNTY OF TULARE is vicariously liable to Plaintiff for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.   For general damages according to proof;

2.   For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.   For punitive damages and exemplary damages in amounts to be determined according to proof;

4.   Any and all permissible statutory damages;

5.   For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.   For cost of suit herein incurred; and

7.   For such other and further relief as the Court deems just and proper.

Dated: March 11, 2026                    **Burris Nisenbaum Curry & Lacy, LLP**

/s/ *John L. Burris*

John L. Burris
Benjamin Nisenbaum
James Cook
Attorneys for Plaintiff